J. W. RANDALL v. THE RICHMOND AND DANVILLE RAIL-
ROAD COMPANY.

*Common Carrier — Negligence in Shipment — Prepayment of*
*Freight—Notice—Reasonable Regulations.*

1. A common carrier may demand prepayment of freight charges before
   shipment to any station, and from one shipper, though not required
   of others. It should appear, however, that a plaintiff had notice
   of such regulation.
2. The plaintiff was injured by the failure of the company receiving the
   goods for shipment to notify the defendant that the freight had
   been prepaid according to its well known requirement, and must
   look to that company for damages.

This was a CIVIL ACTION, tried at February Term, 1891, of
MADISON Superior Court, before *Brown, J.,* upon appeal from
a Justice of the Peace.

It was brought against the defendant railroad company
to recover damages for failure to ship certain goods as freight
upon which the freight charges had been prepaid to the
E. T., V. & G. Railroad, for both companies, but the defendant,
at the time of the injury complained of, had not received its
part thereof, nor had it been notified of its reception by the
other company.

The two companies were under separate and distinct
management. The requirements of defendant company,
which were known to the plaintiff, were that charges on
freight shipped to such depot as was designated for these
goods should be prepaid. Under the instruction of the
Court, there was a judgment against the plaintiff, from which
he appealed.

No counsel for plaintiff.
*Mr. F. H. Busbee,* for defendant.

CLARK, J. : A common carrier can demand prepayment of freight from anyone and to any station. *The Code,* § 1963; *Allen* v. *Railroad,* 100 N. C., 397.

That the defendant made a general regulation that it would require prepayment on all freight to a flag station (at which there was no agent), was not only reasonable, but was a matter entirely within the defendant's powers. A common carrier may require prepayment from any shipper, at its choice, though it may not require it from others. *Allen* v. *Railroad, supra.* It should appear, however, that the plaintiff, or his forwarding agent, the first company, had notice that prepayment was required. This the defendant was not improperly allowed to do, by showing, as it did, that all freight to this station was required to be prepaid, and further, by the plaintiff himself that he knew of such regulation. It was also in evidence that notice of it was given to the E. T., V. & G. Railroad, who were the agents of plaintiff for forwarding the freight beyond its own line.

A witness introduced for defendant testified that the defendant did not accept the freight from the E. T., V. & G. Railroad till February 28th, and that it was shipped the next day. The two companies were not shown to be under the same management but were simply connecting roads. The defendant was not required to receive freight from the E. T., V. & G. Railroad for shipment without prepayment of freight any more than from anyone else. It is in evidence, and not contradicted, that the defendant notified such company that it required prepayment, and when it was satisfied in that regard that it immediately received and promptly shipped the freight.

If the E. T., V. & G. Railroad received prepayment of freight for shipment over both lines, and negligently failed to prepay the defendant as required by its regulations, and the plaintiff has suffered damage by the consequent detention, he must look to the company who received his money

and with whom he contracted for the shipment. *Manufacturing Co.* v. *Railroad Co.*, 106 N. C., 207.

The Court properly instructed the jury that there was no evidence that the defendant received the freight until February 28, and to find the issues in favor of the defendant.

*Per curiam.* No error.